UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL JUAN N. WALTERSPIEL, M.D., F.A.A.P., <br>  *Plaintiffs*, <br> vs. <br> BAYER A.G., *et al.*, <br>  *Defendants*. | ) <br> ) <br> ) <br> )  1:09-cv-1086-JMS-DML <br> ) <br> ) <br> ) <br> ) |

### **ORDER**

Plaintiff Juan N. Walterspiel filed this *qui tam* action against Defendants in September 2009. [Dkt. 1.] The United States declined to intervene in December 2011, and this action was unsealed. [Dkts. 29; 30.] According to Mr. Walterspiel's Complaint, he is a licensed physician who resides in California and holds medical licenses in California, Georgia, Texas, and the European Union. [Dkt. 1 at 3 ¶ 10.] Defendants are international corporations involved in the pharmaceutical business that Mr. Walterspiel alleges made false statements of fact to the United States regarding certain prescription drugs. [Dkt. 1 at 4-5, 16-29.]

Mr. Walterspiel's Complaint alleges that venue is proper in the Southern District of Indiana because Defendant Bayer A.G. ("Bayer") conducts business in the Northern District of Indiana and maintains manufacturing facilities in Elkhart and Mishawaka. [Dkt. 1 at 3 ¶ 8.] After reviewing the 136-paragraph Complaint, the Court found no allegations linking any of the parties or any substantial part of the events giving rise to his claim to the Southern District of Indiana. [Dkt. 58.] Additionally, the caption on the Complaint indicates that it was drafted to be filed in the Northern District of Indiana but that counsel crossed out the letters "NOR" and replaced them with "SOU" before filing it in the Southern District. [*Id.* (citing dkt. 1 at 1).] Because the Court has the authority to *sua sponte* transfer an action to a more appropriate venue after it gives

notice to the parties, *see Peterson v. Sealed Air Corp.*, 902 F.2d 1232 (7th Cir. 1990), it ordered the parties to file a joint statement, or competing statements if they could not agree, showing cause why this action should not be transferred to the Northern District of Indiana, [dkt. 58].

### A. Mr. Walterspiel's Response

In response to the Court's order, Mr. Walterspiel filed a statement denying that the Northern District of Indiana would be an appropriate forum but asserting that transfer to any district court in Connecticut, Washington, D.C., or North Carolina would be proper. [Dkt. 60.] Mr. Walterspiel does not allege that any events giving rise to his claim occurred in Indiana and, instead, now concedes that although he initially asserted that one of the defendants maintained manufacturing facilities in the Northern District of Indiana, "these facilities are unrelated to the factual controversy and events at issue in this case." [Dkt. 60 at 3.] Mr. Walterspiel makes various arguments regarding the superiority of his proposed alternate venues over Indiana but ultimately "defers to the judgment of this Court as to which venue is more appropriate under the circumstances." [*Id.* at 4-5.]

### B. Quintiles' Response

In response to the Court's order, Defendant Quintiles Transnational Corporation ("Quintiles") asks that this action be dismissed entirely for lack of venue. [Dkt. 59.] Quintiles argues that the allegations regarding Defendant Bayer should be ignored because Bayer has not appeared in this action and there is no evidence that Bayer has been served. [*Id.* at 2.] Quintiles opposes transfer to the District of Columbia and requests that this action remain with this Court so that it can resolve the Motion to Dismiss that Quintiles recently filed. [*Id.* at 2 (referring to dkt. 51).] Quintiles does not argue that North Carolina would be an improper or inconvenient venue, likely because its global headquarters are located in Durham. [Dkt. 36.]

### C. Discussion

A civil action may be brought in a judicial district in which any defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the district court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Under the broad authority afforded to district courts pursuant to 28 U.S.C. § 1404(a), this Court can transfer a case to a more appropriate forum *sua sponte* after giving the parties notice and an opportunity to be heard regarding the proposed transfer. *Peterson*, 902 F.2d at 1232; *see also Runk v. United Fire & Cas. Co.*, 2009 U.S. Dist. LEXIS 93700, 24-25 (N.D. Ind. 2009).

The Court typically considers four factors in deciding whether to transfer an action: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the *situs* of material events and access to proof; and (4) the interests of justice. *No Baloney Mktg., LLC v. Ryan*, 2010 WL 1286720, *10-12 (S.D. Ind. Mar. 26, 2010).

There is no dispute that none of the events giving rise to the parties' dispute occurred in Indiana. Likewise, there is no suggestion that any potential witnesses are located here. This action was unsealed approximately seven months ago, and there is no evidence that substantive

discovery or Court resources have been utilized litigating in this venue. While the Court acknowledges that Quintiles recently filed a motion to dismiss Mr. Walterspiel's action, [dkt. 51], that motion is not yet fully briefed and will remain of record before the transferee court. For these reasons, the Court concludes that it is appropriate to transfer venue pursuant to 28 U.S.C. § 1404(a).

As between the district courts located in Connecticut, the District of Columbia, and North Carolina, the Court agrees with Quintiles that the allegations regarding Bayer should not be considered at this time because Bayer has not appeared more than seven months after this action was unsealed.[1] The Court finds transfer to the United States District Court for the Middle District of North Carolina to be the most appropriate because, as Mr. Walterspiel points out, Quintiles' headquarters, and presumably some of its witnesses, are located there. [Dkt. 60 at 4.] Moreover, to the extent that some of the alleged misrepresentations on which Mr. Walterspiel bases his *qui tam* action were actually made, they may have been made or known at Quintiles' headquarters. As for the interests of justice, in 2011, 1,829 civil actions were filed in the Southern District of Indiana, while 573 civil actions were filed in the Middle District of North Carolina.[2] *See* United States Courts Statistics *available at* http://www.uscourts.gov/uscourts/Statistics/FederalJudicialCaseloadStatistics/2011/tables/C05Mar11.pdf. These statistics suggest that the parties may actually receive a quicker resolution of their case in the Middle District of North Carolina.

---

[1] The Court finds Plaintiff's response to the show cause order regarding service on Bayer to be sufficient to discharge the outstanding order. [Dkt. 44.] The Court makes no findings regarding whether Bayer has been properly served.

[2] The Southern District of Indiana has five active district court judges, and the Middle District of North Carolina has four.

For these reasons, the Court concludes that the applicable factors weigh in favor of transferring this action to the Middle District of North Carolina.  The Clerk is directed to **TRANSFER** this action to that district court pursuant to 28 U.S.C. § 1404(a).  Any previously ordered dates and deadlines are **VACATED** and any pending motions are **DENIED AS MOOT**.

07/25/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Richard E. Condit
GOVERNMENT ACCOUNTABILITY PROJECT
richardc@whistleblower.org

Mick G. Harrison
mickharrisonesq@earthlink.net

Thomas F. Hurka
MORGAN LEWIS & BOCKIUS
thurka@morganlewis.com

Kathleen McDermott
MORGAN LEWIS & BOCKIUS
kmcdermott@morganlewis.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov